Ashburn, J.
The questions in this case arise upon the *422 legal sufficiency of the petition. The amended petition, upon which the action was tried, is as follows :
And now come the said plaintiffs, James Crawford and "William H. Morrison, who is made a party plaintiff to this action by order of the court, and by leave of the court file this their amended petition, and for cause of action complain of the said Wesley Satterfield, defendant, for that og the 3d day of February, A. d. 1869, by a certain agreement in writing then made by and between the said plaintiff, James Crawford, and the said defendant, in the following, words, to wit:
“ February the 3d, 1869. We,, the undersigned subscribers, do agree to furnish the amount of logs attached to our names to be sawed by James Crawford. The mill owned by James Crawford to be set near Merideth Grooms’ mill. We, the subscribers, do agree to pay James Crawford seventy-five, cents per hundred feet for sawing. James Crawford do bind himself to have his mill ready for running against the first to the middle of September, 1869, on the above-named site. We, the subscribers, bind ourselves to keep the said mill running — that is, to keep her in logs, so that she may not be idle.
[5 ct. stamps.] “ James Crawford, Owner of mill.”
subscribers’ names. amount of loss.
his
Wesley Satterfield................................. 500
•mark.
Merideth Grooms..................................... 25
L. D. Grooms.......................................... 50
S. M- Fields............................................. 50
John Fields..............;............................. 30
Whereby the said defendant agreed to furnish five hundred saw-logs, to be sawed by said Crawford at the rate of seventy-five cents per hundred feet.
That afterward, to wit: On the — day of-, a. d. 1869, the plaintiff, James Crawford, sold and conveyed to the plaintiff, William Morrison, the one-half of said contract for a valuable consideration. And the said plaintiffs say *423 that they did duly perform all and singular the conditions aforesaid on their part to be performed; but that the said defendant, not regarding his promise, did not nor would not furnish five hundred saw-logs, or any other number, so as aforesaid agreed to be furnished, in said contract, whereby said plaintiffs are damaged to the sum of three thousand dollars ($3,000).
The plaintiffs, therefore, pray judgment against the said defendant, for the said sum of three thousand dollars ($3,000), their damages so as aforesaid sustained.
Defendant answered,' admitting the execution of the agreement as set forth in the amended petition, and denied each and every other allegation therein. A trial resulted in a verdict for the plaintiffs. Defendant demanded a new trial. Motion overruled and excepted to. No bill of exceptions. Petition in- error filed in the District Court. Several errors were assigned in that court. In this court but two of the assignments in error are involved, and the disposition of one will dispose of both. Errors assigned and considered:
■ “ 5. .That judgment in the case was given for the said James Crawford, when it ought to have been given to the said Wesley Satterfield, according to the law of the land.
“ 7. That said petition does not state facts sufficient to constitute a cause of action.”
Upon the hearing, the District Court held on the second of the foregoing errors assigned and quoted above:
The said amended petition set forth in said record does not state facts sufficient to constitute a cause of action, and the court do here reverse and set aside said judgment for that cause of said error.
The defendant has furnished no brief, and we can not know from any information furnished us by him what defects he claims to exist in the petition. As indicated, however, on the record, and in the brief of plaintiffs, the defects complained of would seem to be true:
*424 • I. The insufficiency of the averment of the performance of the condition precedent.
II. The legal effect of setting out the entire agreement in the petition as an averment of the facts contained therein.
I. Averring the condition precedent:
It is stated in the petition, “ And the said plaintiffs say that they did duly perform all and singular the conditions aforesaid on their jjart to be performed.” Section 121 of of the Code of Civil Procedure provides: “In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part.” In cases where' the code provides, in plain and unequivocal words, how a fact may be averred, it is safe to follow its direction. That appears to have been done in this case.
At common law it was necessary to set out all the facts that went to show the performance of the condition precedent. The nice distinctions in relation to actual, constructive and implied conditions that had grown up in the common law, rendered the subject one of difficulty, and often of great doubt; to avoid such embarrassment, the salutary rule of the code was adopted. This rule does not do away with the proofs necessary to establish the performance of the condition precedent. Its effect is to substitute a general allegation to take the place of many special ones.
The legal effect of the general averment is that the plaintiff has specifically performed each and every act and thing required by the nature and terms of the contract, upon which the action is brought, necessary for the plaintiff- to do, as a condition precedent, to render the defendant liable to the action upon the contract set forth in the petition. It includes as well express conditions precedent, as constructive and implied conditions: such as previous demand or request, previous notice, readiness to perform; that the mill was at the agreed place at the proper time, in good running order, and that plaintiffs were ready and willing to saw the whole five hundred logs at the agreed price, and in the manner agreed on. Swan's Pleading, 206. *425 In this view of the law, the petition was and is sufficient in law and in fact.
II. • While such a petition as this one might have been subject to a motion to make it more definite and certain, it will not be pronounced on error a bad petition. Where a petition contains facts sufficient to make a good cause of action, if well stated, it will not be reversed on a petition in error, however crude the facts may be stated. The defendant is by the pleading prejudiced in no substantial right.
In an action under section 122 of the code, founded upon a written instrument named in the section, for the unconditional payment of money only, the writing should be sel out in the petition, or a copy attached thereto. This provision of the code, however, as to pleading, is limited in its operation exclusively to accounts and writings for the unconditional payment of money only. Section 117 of the code includes all these and such other instruments of writing as show them to be mere evidences of indebtedness. When the cause of action comes within the scope of section 117, the pleader should be in pleading governed by the nature of his case, as to whether the written instrument may become in full a part of the petition.
Generally it will not be good pleading to make written contracts, other than those for the unconditional payment of money only, part of the pleading; especially when they are long, they would incumber the record, and unnecessarily increase the costs. When, however, in stating a cause of action or a defense founded upon a written contract, and assigning the breaches, it becomes necessary in making the necessary allegations of fact to substantially set out the whole instrument, it would be proper to copy the writing into the pleading, and assign the breaches. Swan’s Pleading, 198-9.
The petition in this case, though not artistically framed, is not defective in facts, and comes within the principles of former rulings of the Supreme Court. In the case of Bethel v. Woodworth et al., 11 Ohio St. 393, it was held “ that a de *426 fective statement in the petition of the cause of action is not a cause for reversal of the judgment, if the facts stated in the petition, when well stated, constitute a cause of action.” Sutliff, J., in the opinion, says: “The sufficiency of the matters stated in the petition were not called in question in the court (Common Pleas) by demurrer, nor was the court by motion asked to require it reformed or. improved in its structure. The assignment of its insufficiency after judgment can only, therefore, be sustained upon the ground that the facts contained in the petition, even if well stated, constitute no cause of action.” To the same effect is the case of Erwin & Lane v. Schaffer & Curtis, 9 Ohio St. 43. In our opinion, the petition in this action does contain facts sufficient, if properly stated, to make a good petition, and substantial cause of action.
Judgment of District Court reversed, and judgment of Common Pleas affirmed.
Scott, Chief Judge, Day, Wright, and Johnson, JJ., concurred.